Jay R. Fialkoff (JF-4992)
Ruth C. Haber (RH-0406)
MOSES & SINGER LLP
Attorneys for Defendant Venturetek, L.P.
405 Lexington Avenue
New York, NY  10174
Telephone: (212) 554-7800
Facsimile:  (212) 554-7700

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAND PUBLISHING COMPANY INC.,<br><br>　　　　　　Plaintiff,<br><br>　　　-against-<br><br>VENTURETEK, L.P., RICHARD ELKIN, ANTOINE BERNHEIM, STACY BERNHEIM and GENSTAR, LTD.,<br><br>　　　　　　Defendants. | 07 CIV 9596 (VM)(RLE) |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION TO DISMISS OF DEFENDANT VENTURETEK, L.P.**

## TABLE OF CONTENTS

                                                    **Page**

SUMMARY OF ARGUMENT AND FACTUAL BACKGROUND ............................................ 1

ARGUMENT ................................................................................................................................. 3

I.     PLAINTIFF HAS FAILED TO ALLEGE COMPLETE DIVERSITY OF CITIZENSHIP IN ACCORDANCE WITH 28 U.S.C. §1332(A)(1), AND, AS SUCH, THE ACTION MUST BE DISMISSED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) ................................................................... 3

II.    THE CHOICE OF FORUM CLAUSE IN THE AGREEMENT BETWEEN THE PARTIES REQUIRES THAT THIS ACTION BE BROUGHT IN THE NEW YORK STATE SUPREME COURT, NOT IN THE FEDERAL DISTRICT COURT IN NEW YORK ...................................................................................... 8

III.   PLAINTIFF CORPORATION IS INOPERATIVE AND VOID UNDER THE LAWS OF THE STATE OF DELAWARE, AND THUS HAS NO CAPACITY TO PROSECUTE THE INSTANT LAWSUIT ................................................. 10

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Circle Industries USA, Inc. v. Parke Construction Group, Inc.*, 183 F.3d 105 (2d Cir. 1999) .................................................................................................... 5

*City of New York v. Pullman*, 477 F.Supp. 438 (S.D.N.Y 1979) ....................................... 9

*Cronin v. Family Education Company*, 105 F.Supp.2d 136 (E.D.N.Y. 2000) .................. 9

*Herrick Company, Inc. v. SCS Communications, Inc.*, 251 F.3d 315 (2d Cir. 2001) ........ 4, 7

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780 (1936) ............ 4

*Pinnacle Consultants, Ltd. v. Leucadia National Corp.*, 101 F.3d 900 (2d Cir.1996) ....... 5

*Rogen v. Memry Corporation*, 886 F.Supp. 393 (S.D.N.Y. 1995) .................................... 9

*SEG Vanguard General Corporation v. Ji*, 195 F.Supp.2d 564 (S.D.N.Y. 2002) ........ 4, 5, 7

*The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) .................................................. 9

*United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298 (2d Cir. 1994) .......................................................... 4

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131 (2d Cir. 1991) .................................................................................................... 5

## STATE CASES

*Darley Liquor Mart, Inc. v. Bechtel*, 1982 WL 593130 (Del. Super. 1982) .................... 10

*Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713 (Del. 1968) ............................. 10

*Transpolymer Industries, Inc. v. Chapel Main Corp.*, 582 A.2d 936, 1990 WL 168276 (Del. 1990) ....................................................................................................... 10

## FEDERAL STATUTES

28 U.S.C. §1332 ................................................................................................................. 4

28 U.S.C. §1332(a)(1) ....................................................................................................... 4

28 U.S.C. §1332 (c)(1) ...................................................................................................... 4

Fed.R.Civ.P. Rule 12(b)(1) ............................................................................................. 8

Fed.R.Civ.P. Rule 17(b)(2) ........................................................................................... 10

## STATE STATUTES

8 Del.C. §122 .............................................................................................................. 10

8 Del.C. §510 .............................................................................................................. 10

## SUMMARY OF ARGUMENT AND FACTUAL BACKGROUND

The instant motion is made by defendant Venturetek, L.P. ("Venturetek") to dismiss the complaint in its entirety pursuant to Fed.R.Civ.P. Rules 12(b)(1), 12(b)(3) and 17(b), on the grounds that: (a) this Court lacks jurisdiction over the action, inasmuch as there is no diversity of citizenship between the plaintiff and the defendants; (b) the choice of forum clause contained in the agreement between the parties pursuant to which the instant action was brought requires that any dispute between the parties be brought in a Court of the State of New York, not in a Federal court located in the State of New York; and (c) plaintiff Rand Publishing Company, Inc. ("Rand" or "Plaintiff") is a corporation that was formed under the laws of the state of Delaware, and is currently a "void" corporation, as designated by the Delaware Secretary of State, and as such does not have the capacity to bring the instant lawsuit.[1]

If the Court determines that there is no diversity jurisdiction in this matter, the action must be dismissed on that basis alone. In the instant Complaint dated October 29, 2007 ("the Complaint", annexed as Exhibit "A" to the Declaration of Ruth C. Haber, dated December 12, 2007 ["the Haber Decl."] submitted in support of this motion) Plaintiff alleges, at ¶8, that "[t]here is complete diversity of citizenship between plaintiff and the defendants," and that "[t]he Court has jurisdiction in this action under 28 U.S.C. §1332(a)(1)." As discussed more fully below, the Complaint fails to establish that there is such diversity. Plaintiff's allegation purporting to set forth its own citizenship is vague at best, and Plaintiff fails to allege that it is a citizen of any State. Indeed, it appears that the Plaintiff corporation is likely to be considered a citizen of the State of New York, as are at least one of the defendants, thus destroying the requisite diversity. Plaintiff has the burden of establishing that this Court has subject matter jurisdiction over this action, and in the absence of complete diversity, the

---

[1] Venturetek also joins in the motion of Defendants Antoine Bernheim, Stacy Bernheim, Rickard Elkin and Genstar, Ltd. (the "remaining defendants") for an order dismissing the complaint.

action must be dismissed.

The action should be dismissed as well because it was commenced in the improper forum. As set forth below, the written Agreement for Issuance and Sale of Stock (the "Agreement," to the Haber Decl., Exh."B") which was entered into between the parties as of December 30, 1993, and which forms the basis of this action, contains a forum selection clause that reflects the intention of the parties that disputes between them be resolved in the state courts of the State of New York, rather than the federal courts in the State of New York. Accordingly, this action should be dismissed based upon improper venue: the action must be brought in the Supreme Court of the State of New York.

Finally, a search of the records of the Secretary of State of the State of Delaware, the state in which Plaintiff was incorporated, reveals that the corporation has been declared void, non-existent and not in good standing (See Haber Decl., Exh. "C"), as a result of its failure to pay its annual franchise taxes <u>since 1997</u>. As a void corporation, Plaintiff lacks the capacity to sue under Delaware law, and as such, this action should be dismissed pursuant to Fed.R.Civ.P. Rule 17(b).

Notably, as made clear in the Complaint, the instant action was preceded by, and in fact, arises as a result of, an action that was commenced by the Defendants herein against the Plaintiff herein in the Supreme Court of the State of New York, New York County (the "New York action") (the Second Verified Complaint in the New York action dated October 18, 2001 (the "New York complaint") is annexed to the Haber Decl. as Exh. D). That action was concluded with an order of Justice Herman Cahn dismissing the action. Plaintiff brought the instant action seeking damages to which it claims it is entitled as a result of the prosecution by Defendants herein of the New York action. Yet rather than bringing the instant action in the Supreme Court, New York County, Plaintiff chose to bring it in this Court, notwithstanding the obvious questions regarding the propriety of both jurisdiction and choice of forum in this Court. Indeed, the instant action is not properly before this Court, by virtue of the lack of

diversity, and resulting lack of jurisdiction of this Court to hear the matter, as well as by virtue of the forum selection clause in the Agreement between the parties. Plaintiff's lack of capacity to prosecute the action is similarly fatal.

Accordingly, Venturetek's motion to dismiss the Complaint in this action in its entirety should be granted.

## ARGUMENT

I. **PLAINTIFF HAS FAILED TO ALLEGE COMPLETE DIVERSITY OF CITIZENSHIP IN ACCORDANCE WITH 28 U.S.C. §1332(A)(1), AND, AS SUCH, THE ACTION MUST BE DISMISSED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1)**

Paragraph 2 of the Complaint states as follows:

> "2.   Plaintiff Rand Publishing Company Inc. ("Rand") is a Delaware corporation. Although until 1994 it had offices in New York City, at the present time it does not have active business operations; it has no principal place of business; and its accounting and oversight functions are conducted in Connecticut."
>
> (See, Haber Decl., Exh. "A", ¶2).

Glaringly absent from ¶2, and appearing nowhere else in the Complaint, is an allegation of the state of which Plaintiff maintains that it is a citizen. Yet notwithstanding this omission, Plaintiff states, in bold, conclusory language, at paragraph 8 of the Complaint, that this Court has jurisdiction of this action because the amount in controversy exceeds $75,000 and there is "complete diversity of citizenship between plaintiff and the defendants." Without an allegation as to the citizenship of each of the parties to the action, the Complaint, on its face, fails to establish that this Court has jurisdiction to preside over this dispute. Moreover, as discussed below, it appears that Plaintiff is, in fact, a citizen of the State of New York, and as such, there is no diversity: as alleged in the Complaint (at ¶¶5 and 6), two of the individual defendants are also citizens of New York, and Venturetek L.P. is a Delaware limited partnership, whose general partner is a Delaware Limited Liability Company whose managing

member is a citizen of New York. Plaintiff's elusiveness with respect to its allegations of its citizenship is apparently no accident, and this Court should not permit it to sidestep the issue of diversity with intentional obliqueness.

Plaintiff brought the instant action under 28 U.S.C.A. §1332, which provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. §1332(a)(1). 28 U.S.C. §1332 (c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated <u>and</u> of the State where it has its principal place of business" (emphasis added). Thus, Plaintiff must establish not only the state in which it was incorporated, but also the state in which it has its principal place of business. As discussed below, even an "inactive" corporation has a principal place of business for purposes of a diversity analysis. In the absence of such an allegation, the Complaint must be dismissed.

The well-established law is that a party "seeking to invoke jurisdiction under 28 U.S.C §1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." <u>Herrick Company, Inc. v. SCS Communications, Inc.</u>, 251 F.3d 315, 322-23 (2d Cir. 2001); <u>SEG Vanguard General Corporation v. Ji</u>, 195 F.Supp.2d 564, 566 (S.D.N.Y. 2002, Marrero, J.). Furthermore, where plaintiff's allegations of jurisdiction are challenged by its adversary "in any appropriate manner, [it] must support them by competent proof." <u>United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.</u>, 30 F.3d 298, 301 (2d Cir. 1994); <u>SEG Vanguard General Corporation v. Ji</u>, <u>supra</u>, at 566-567. Even where the jurisdictional allegations are not challenged by an adversary, a court may require that the jurisdictional facts be established by a preponderance of the evidence, in the absence of which the action may be dismissed. <u>SEG Vanguard General Corporation v. Ji</u>, <u>supra</u>, at 567, citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S.

178, 189, 56 S.Ct. 780 (1936).

In the instant case, Plaintiff alleges that it is a Delaware corporation[2] but does not allege where its principal place of business is, nor, as set forth above, of what state it is a citizen. Indeed, it asserts that it has no principal place of business, and that it has no active business operations. However, its assertion that it has no principal place of business, for purposes of establishing citizenship and thus diversity, is misguided. Whether active or inactive, a corporation has a principal place of business as prescribed by law. Specifically, it is well established in the Second Circuit that when a corporation has ceased business activity at the time the action is commenced, its principal place of business is the state in which it last conducted business. See, Pinnacle Consultants, Ltd. v. Leucadia National Corp., 101 F.3d 900, 907 (2d Cir. 1996); Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 141 (2d Cir. 1991) ("[W]hen a corporation has ceased business activity, diversity jurisdiction . . . is determined by the place it last transacted business."); SEG Vanguard General Corporation v. Ji, supra, at 567.

Assuming that Plaintiff is in fact an inactive corporation[3], as Plaintiff alleges, it is incumbent upon the Plaintiff to establish the place it last transacted business. Significantly, the Courts have interpreted the phrase "transacted business" to mean engaging in the business of the corporation. Thus, for example, activities of a corporation involved in the winding down of business do not constitute transacting business, nor does the residence of the sole officer or director who receives mail on behalf of the corporation affect citizenship, "because the corporation is not transacting business through these activities." Circle Industries USA, Inc. v. Parke Construction Group, Inc., 183 F.3d 105, 108 (2d Cir.

---

[2] However, see Point III, infra, for a discussion regarding Plaintiff's inability to sue, inasmuch as the Secretary of State of the State of Delaware has declared Plaintiff to be inoperative and void as a result of non-payment of taxes.

[3] It appears that Plaintiff has not actively engaged in any business transactions for years and, as discussed herein, has been declared void and inoperative by the Delaware Secretary of State.

1999). Accordingly, the assertion in ¶2 of the Complaint that Plaintiff's "accounting and oversight functions are conducted in Connecticut" has no bearing on the issue of Plaintiff's principal place of business.

The sole relevant allegation in the Complaint regarding the last place Plaintiff transacted business is that "until 1994 Plaintiff had offices in New York City." (Complaint, ¶2). Indeed, a review of the Complaint, as well as the pleadings in the New York action which preceded this action, and other evidence on this issue, leads to the conclusion that New York <u>was</u> the last place that Rand transacted business. The corporation was an investment vehicle, which purchased interests in other entities as investments. Defendants, together with Mason Slaine ("Slaine") and Michael Danziger ("Danziger"), are the sole shareholders of Plaintiff. The business was operated and managed by Slaine and Danziger, who were its sole officers and two of three authorized directors of the corporation (Complaint, ¶15). Slaine and Danziger were responsible for finding investments for the corporation, and making those investments on behalf of the Plaintiff corporation. None of the defendants in the instant action had any role in the management of Plaintiff. Plaintiff's sole activities, via Slaine, consisted of making investments and, to the extent that the entities in which it invested were profitable, taking the profits. Thus, the place where the Plaintiff corporation last transacted business would be the place its last corporate activity occurred. The evidence all leads to the conclusion that that was New York.

Indeed, there is no dispute that Plaintiff had its offices in New York City, as admitted by Plaintiff in ¶2 of the Complaint, and that Plaintiff's principal place of business was New York. Significantly, in the "New York complaint" (Haber Decl., Exh. "D"), at ¶28, the plaintiffs there alleged that Rand had its principal place of business at 263 Tresser Boulevard, Stamford Connecticut. Rand, a nominal defendant in that action, admitted in its answer to the New York complaint (Haber Decl., Exh. "E" ¶28) that it had "previously used the address c/o 263 Tresser Boulevard, Stamford CT 06901; and denies the

remaining allegations of paragraph 28. Rand affirmatively avers that it has no place of business." Thus, Rand made it clear that 263 Tresser Boulevard in Connecticut was not its principal place of business. Slaine, Chairman of Rand and also a defendant in the New York action, responded to that allegation, at ¶28 in his Answer (Haber Decl., Exh. "F"), that Rand "has no business address or business operations; and denies the remaining allegations in paragraph 28." As such, he too denied that Rand had its principal place of business at the Connecticut address.

In paragraph 29 of the New York complaint (Haber Decl., Exh. "D", ¶29), the plaintiff alleged that "Defendant Mason P. Slaine is a resident of Greenwich, Connecticut. <u>For and on behalf of Rand, Slaine conducted business in the State and City of New York</u>" (emphasis added). In response, Rand admitted the allegations, except denied that "Rand has done business in New York since 1994." (Haber Decl., Exh. "E" ¶29). Mason Slaine, however, the person who conducted the business on behalf of the corporation, <u>admitted the allegations</u> of paragraph 29 in their entirety. (Haber Decl., Exh. "F" ¶29): he admitted that he conducted business <u>in New York City</u> for and on behalf of Rand.

Consistent with the foregoing, or about September 11, 1998, Rand sent to its shareholders a letter, signed by Mason Slaine as Chairman and Michael Danziger as President, submitting to the shareholders for approval a Unanimous Written Consent of the Stockholders to liquidate and dissolve the Company (Haber Decl., Exh. "G"). The letter bears the letterhead "RAND PUBLISHING CO., INC., c/o Winthrop, Stimson, Putnam & Roberts, One Battery Park Plaza, New York, New York.[4]

As set forth above, the burden of demonstrating that the grounds for diversity exist and that diversity is complete lies with Plaintiff. <u>Herrick Company, Inc. v. SCS Communications. Inc.</u>, 251 F.3d 315, 322-23 (2d Cir. 2001); <u>SEG Vanguard General Corporation v. Ji</u>, 195 F.Supp.2d 564, 566 (S.D.N.Y. 2002, Marrero, J.). Its pleading does not satisfy that burden. The evidence regarding the

---

[4] The dissolution was not approved, and shortly thereafter, the New York action was commenced.

citizenship of the Plaintiff more than suggests that the last place it transacted business was New York, thus destroying diversity. Accordingly, the Complaint must be dismissed, pursuant to Fed.R.Civ.P. Rule 12(b)(1), for lack of subject matter jurisdiction.

**II. THE CHOICE OF FORUM CLAUSE IN THE AGREEMENT BETWEEN THE PARTIES REQUIRES THAT THIS ACTION BE BROUGHT IN THE NEW YORK STATE SUPREME COURT, NOT IN THE FEDERAL DISTRICT COURT IN NEW YORK**

On December 30, 1993, the parties entered into the Agreement for Issuance and Sale of Stock (the "Agreement", Haber Decl., Exh. "B"). The Agreement forms the basis of this lawsuit, and provides as follows:

> 13. *Governing Law and Litigation.* This Agreement shall be construed in accordance with the laws of the State of New York. All questions with respect to the construction of this Agreement and the rights and liabilities of the parties hereto shall be governed by the laws of the State of New York. <u>Any action or proceeding arising out of or relating to this Agreement may only be brought in the State of New York and each party consents to the jurisdiction of the Courts of the State of New York</u>, subject, however, to the proper service of process..." (emphasis added). (see Haber Decl., Exh. "B", p. 8)

This forum selection clause, emphasized above, when read as a whole, mandates that the instant action be brought in the Courts of the State of New York, and not in the Federal District courts in the state of New York. Indeed, the sentence makes no logical sense otherwise: while the first part of the sentence makes clear that the action must be brought in New York in a geographical sense, the portion consenting to jurisdiction of the Courts of New York make it clear that the court system in which the action must be brought is the New York State court system. Indeed, the forum selection clause makes little sense unless it is interpreted as limiting the forum to the Courts of the State of New York, precluding the action from being commenced in this Court.

It is well settled that parties may bargain in advance to select the forum in which any future

dispute will be litigated. See, The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972); Rogen v. Memry Corporation, 886 F.Supp. 393 (S.D.N.Y. 1995).

In question in the instant case is whether the forum selection clause means to limit its reach to the state Courts of the State of New York, or is to be extended to the Federal courts in the state of New York. The Courts of this circuit have interpreted the phrase Courts "in the state of New York" as meaning inclusive of Federal courts within the state, whereas the phrase "of the State of New York" as being limited to courts of the New York State court system. See, Cronin v. Family Education Company, 105 F.Supp.2d 136 (E.D.N.Y. 2000); Rogen v. Memry Corporation, 886 F.Supp. 393 (S.D.N.Y. 1995); City of New York v. Pullman, 477 F. Supp. 438 (S.D.N.Y. 1979). The Court in Pullman phrased the issue as deciding whether the contractual choice of forum clause is a term of sovereignty or a term of geography: courts of the State of New York grant sovereignty to the New York State court system; courts in the State of New York is geographical, permitting the case to be brought in any court in the geographical boundaries of New York.

The instant case reflects the intention of the parties to have disputes arising under the agreement to be heard only in the Courts of the State of New York. The single sentence "[a]ny action or proceeding arising out of or relating to this Agreement may only be brought in the State of New York and each party consents to the jurisdiction of the Courts of the State of New York", can only be logically read to mean that the courts of the State of New York would be the exclusive forum for resolving disputes. While the first part of the sentence establishes the state in which actions must be brought, the point of including the phrase consenting to the jurisdiction of the Courts of the State of New York in the same sentence was to indicate that the parties were consenting to bring their claims only in the courts of the State of New York. Notably, the portion of the sentence preceding the "and" does not refer to courts at all. It thus becomes clear that the phrase following the "and" explains which

Court in the State of New York the disputes are to be litigated. That is, in the Courts of the State of New York. As such, this action was improperly commenced in this Court, and the action must be dismissed.

### III. PLAINTIFF CORPORATION IS INOPERATIVE AND VOID UNDER THE LAWS OF THE STATE OF DELAWARE, AND THUS HAS NO CAPACITY TO PROSECUTE THE INSTANT LAWSUIT

Rule 17(b)(2) of the Federal Rules of Civil Procedure provides that the capacity of a corporation to sue is governed by the law under which it was organized. As such, the Business Corporation Law of the State of Delaware (Title 8 of the Delaware Code [8 Del.C.]) is controlling on the issue of whether Plaintiff has the capacity to bring the instant action.

Pursuant to 8 Del.C. § 510, if a corporation neglects or refuses for one year to pay any franchise tax or taxes assessed against it, or which it is required to pay, the charter of the corporation "shall be void and all powers conferred by law upon the corporation are declared inoperative." See 8 Del.C. § 510; Transpolymer Industries, Inc. v. Chapel Main Corp., 582 A.2d 936, 1990 WL 168276 (Del. 1990); Darley Liquor Mart, Inc. v. Bechtel, 1982 WL 593130 (Del. Super. 1982); see, also, Frederic G. Krapf & Son, Inc. v. Gorson, 243 A.2d 713, 714-715 (Del.1968). Included among the powers conferred by law upon a corporation in Delaware is the power to "sue and be sued in all courts and to participate, as a party or otherwise, in any judicial . . . proceeding in its corporate name." See 8 Del.C. §122.

As of March 1, 1997, Rand Publishing Co., Inc. became inoperative and void for non-payment of taxes, and was so proclaimed by the Secretary of State of the State of Delaware as of May 30, 1997 (see Haber Decl., Exh. "C"). Accordingly, at the time that Plaintiff commenced the instant action, on October 29, 2007, it was without the capacity sue, and had been for over 10 (ten) years.

As such, the instant action must be dismissed in accordance with Fed.R.Civ.P. Rule 17, on the grounds that Plaintiff lacks the capacity to prosecute this action.

**CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the motion to dismiss of the remaining defendants, Defendant Venturetek L.P. respectfully requests that the Complaint be dismissed in its entirety.

DATED:     New York, New York
           December 12, 2007

Respectfully submitted,

MOSES & SINGER LLP

By: _____
       RUTH C. HABER (RH-0406)
JAY R. FIALKOFF (JF-4992)
405 Lexington Avenue
New York, New York 10174
Telephone:    212-554-7800
Facsimile:    212-554-7700
Attorneys for Defendant Venturetek, L.P.