**MOSES & SINGER LLP**

MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Ruth C. Haber
Direct: 212.554.7896  917.206.4596
rhaber@mosessinger.com

January 17, 2008

<u>VIA FACSIMILE (212-805-6382)</u>

Honorable Victor Marrero
United States District Court for the Southern District
500 Pearl Street
New York, New York 10007

> Re: **Rand Publishing Company Inc. v. Venturetek LP, Richard Elkin, Antoine Bernheim, Stacy Bernheim and Genstar Ltd.**
> **07 Civ. 9596 (VM)(RLE)**

Dear Judge Marrero:

This office represents defendant Venturetek L.P. I write on behalf of my clients and on behalf of Michael Allen, Esq., counsel for the remaining defendants in this action, in response to a letter from Frank Carling, Esq., which was evidently faxed to your Honor on January 16, 2008, in connection with the above-referenced matter.

I attach hereto a copy of a letter that was sent to Mr. Carling on January 15, 2008, in response to his e-mail to us asserting that defendants were in default in answering the Amended Complaint. We respectfully refer your Honor to that letter, and incorporate its contents in this letter.

As your Honor will recall, the purpose of the December 21, 2007 conference was to address the issues raised in the motion to dismiss based upon lack of subject matter jurisdiction. It was not oral argument of the motions to dismiss, and the Court did not address any of the issues raised in either of the motions in any depth except for the jurisdictional issues. Indeed, your Honor indicated that it had only briefly reviewed the substantive portion of the motion to dismiss and suggested that it made sense to deal with the threshold jurisdictional issue first.

We strenuously object to the unfounded assertions and unsubstantiated conclusions contained in Mr. Carling's January 16, 2008 letter to your Honor. Mr. Carling's statement that the Amended Complaint and the correspondence that was provided to counsel and the Court at the conference mooted the motions or obviated their need is both disingenuous and nonsensical. If such were the case, the conference would have ended at that. To the contrary, in response to our inquiries as to whether we needed to make new motions addressed to the amended pleading, your Honor specifically advised that we need not make new motions, and that the motions to dismiss could be deemed, if we chose to pursue them following discovery on the jurisdictional issue, to address the amended pleading. Prior to leaving the conference, counsel for defendants

666949v1  011400.0101

## MOSES & SINGER LLP

Honorable Victor Marrero
January 17, 2008
Page 2

confirmed with your Honor that it did not make sense to respond to the Amended Complaint before there was a determination as to whether the Court had jurisdiction.

Indeed, after relatively lengthy discussions on the questions surrounding the jurisdictional issue, and notwithstanding that Mr. Carling provided some correspondence to the Court and counsel purporting to evidence the plaintiff's principal place of business, your Honor directed, as Mr. Carling concedes, that additional documents be produced by Plaintiff, including tax returns and bank records, and that a deposition of plaintiff's principal be held, to aid in determining the jurisdictional issue. Consistent with the conclusion that the motion was not moot and that jurisdiction must be determined as a threshold issue, your Honor requested that on or before January 31, 2008, the parties advise you of the status regarding the jurisdictional question, as well as whether defendants intend to pursue their motion to dismiss the Amended Complaint on substantive grounds.

Significantly, notwithstanding your Honor's clear directive on December 21 that counsel provide us with discovery on the issue of plaintiff's principal place of business, and our letter to Mr. Carling dated January 4, 2008 containing specific requests for documents, we have not, as he concedes, received a single additional document from Plaintiff. Mr. Carling's self-serving and untested assertion that his examination of the documents that he has yet to produce to defendants reveal no genuine issues of fact or law as to the Court's jurisdiction over this matter is interesting, but does little to advance the resolution of the dispute.

We respectfully request that the Court issue an order: (1) confirming that defendants have no obligation to respond to the Amended Complaint until ten (10) days following a determination as to whether the Court has subject matter jurisdiction over the action; and (2) directing plaintiff to provide the discovery ordered by the Court and sought by defendants sufficiently prior to January 31 so as to enable defendants to make a meaningful determination as to whether they will pursue their motion to dismiss for lack of jurisdiction. Alternatively, we request that a conference be scheduled to resolve the foregoing issues. We thank you for your attention to this matter.

Respectfully submitted,

Ruth C. Haber

RCH:r
Enc.
cc: Francis Carling, Esq. (Via Facsimile 212-758-7609)
    Michael I. Allen, Esq. (Via Facsimile 212-557-1275)

Request GRANTED. A status conference herein is scheduled for 1-25-08 at 1:30 a.m. to address the matter described above by defendants.

SO ORDERED.

1-17-08
DATE   VICTOR MARRERO, U.S.D.J.

666949v2 011400.0101