USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08

# COLLAZO CARLING & MISH LLP

747 THIRD AVENUE
NEW YORK, NEW YORK 10017-2803
(212) 758-7600

Fax: (212) 758-7609
http://www.ccmlaw.com
E-Mail: info@ccmlaw.com

~~ERNEST J. COLLAZO~~
TONIANNE FLORENTINO
JOHN P. KEIL

MELANY R. GRAY
FARAH MOLLO
GREGORY GLICKMAN

SR. COUNSEL
RISA M. MISH

OF COUNSEL
FRANCIS CARLING

DIRECT DIAL
212-758-7754

DIRECT E-MAIL
fcarling@ccmlaw.com

By Fax (212-805-6382)

January 16, 2008

The Hon. Victor Marrero
Suite 660
United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: Rand v. Venturetek, et al., 07 Civ. 9596 (VM)

Dear Judge Marrero:

  We represent plaintiff Rand Publishing Company Inc. in the above action. We are writing because of a disagreement which has arisen among counsel concerning the import of the Court's comments at the conference held on December 21, 2007.

  As Your Honor will recall, Rand filed an Amended Complaint shortly before the conference. This new pleading superseded the original Complaint, mooted the pending motions, clarified many issues raised by the defendants and, in Rand's view, obviated the need for the motions to dismiss. The amendment was served on counsel by e-mail the day before the conference, and by hand in the courtroom. There followed a discussion among counsel and the Court as to where the case should go from there.

  With respect to Venturetek's motion addressed to the Court's subject matter jurisdiction, I made three points. First, the plain language of the parties' shareholders agreement, and the very case law cited in the motion, showed that the parties' submission to the jurisdiction of the New York state courts was non-exclusive, and thus this Court had jurisdiction. There was no response from defendants on this point.

JAN 16 '08 (WED) 16:04  COLLAZO CARLING & MISH LLP  7587609  PAGE 3/4
Case 1:07-cv-09596-VM   Document 20   Filed 01/17/2008   Page 2 of 3

COLLAZO CARLING & MISH LLP

Page 2

Second, I pointed out that the Amended Complaint expressly pleaded that Rand's principal place of business was Connecticut. Thus, to the extent the motion to dismiss had been based on perceived vagueness in the original pleading, that problem had been cured. Finally, I handed to the Court and counsel more than 20 pieces of correspondence between the parties, dated from 1994 to 1998, confirming Rand's location in Connecticut.

Your Honor then suggested that there might be other corporate documents evidencing Rand's location, and I undertook to search for such documents and share them with counsel. The Court directed the parties to inform it not later than January 31, 2008 whether they had been able to agree that Rand's principal place of business was in Connecticut. Since the issue of jurisdiction was already before the Court, Your Honor told Venturetek's counsel that they need not renew their motion to dismiss to preserve this issue.

With respect to the motion to dismiss on the merits filed by the other defendants (and joined in by Venturetek), the Court stated that it was up to defendants' counsel to decide whether to forego that motion in view of the amendment, or to renew it.

Apparently, counsel left the courtroom with quite different ideas of the posture of the case in light of the Court's comments. I assumed that, while I pulled together documents confirming that there was no genuine issue of fact about Rand's principal place of business, the case would proceed normally, and defendants would respond to the Amended Complaint in due course. Defendants, however, filed no response to the Amended Complaint. Their counsel informed me yesterday that they took Your Honor's comments on December 21st as a stay of proceedings in the case, relieving them of any obligation to respond to the Amended Complaint.

In light of the Amended Complaint and the correspondence supplied to the Court on December 21st, there is no genuine issue of fact or law about Rand's principal place of business or the Court's subject matter jurisdiction. The Amended Complaint asserts that Rand's principal place of business is in Connecticut. The Court has seen the correspondence between the parties confirming this fact. The tax returns and other corporate documents, which I am gathering and will produce to counsel shortly, all confirm Rand's locus in Connecticut. Under the circumstances, while I quite appreciate that the Court will wish to be satisfied that there is indeed no jurisdictional issue, I do not believe that a stay of proceedings in this case is warranted. Nor, based on the docket, has one been ordered.

In the prior state court action, the defendants in this case were able to drag the case out for nine years. One reason Rand filed this action in federal court was to conclude this claim for indemnification expeditiously, in the "just, speedy and inexpensive" manner provided for in the Federal Rules of Civil Procedure.

Accordingly, the plaintiff respectfully requests that the Court issue an order (i) clarifying that the action is not stayed, and/or (ii) setting a conference at which a schedule for subsequent proceedings in the action can be established.

COLLAZO CARLING & MISH LLP

Page 3

Respectfully,

*Francis Carling* (signature)

Francis Carling

cc: Ruth C. Haber, Esq. (Via Fax 917-206-4396)
    Michael I. Allen, Esq. (Via Fax 212-557-1275)

> The Court did not issue a stay in this action and was persuaded on the basis of the discussion at the conference on 12-21-07 and the filing of plaintiff's amended complaint that a stay is not warranted. Defendants are directed to answer the Amended Complaint, which the
>
> **SO ORDERED:** Court finds, substantially addresses the deficiencies raised by defendants in connection with the original complaint.
>
> DATE 1-16-08   VICTOR MARRERO, U.S.D.J.