UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RAND PUBLISHING CO., INC.,

                Plaintiff,        :    07 Civ. 9596 (VM)

            -against-

VENTURETEK, L.P., RICHARD ELKIN,
ANTOINE BERNHEIM, STACY BERNHEIM,
and GENSTAR, LTD.,

                Defendant.
----------------------------------------------------------x

## ANSWER OF DEFENDANTS ANTOINE BERNHEIM, STACY BERNHEIM, RICHARD ELKIN, AND GENSTAR, LTD.

Defendants Antoine Bernheim, Stacy Bernheim, Richard Elkin, and Genstar, Ltd. (collectively, "Defendants") by and through their undersigned attorneys, for their Answer to the Amended Complaint of Plaintiff Rand Publishing Company Inc., state as follows:

### Nature of the Action

1. Decline to respond to the allegations contained in Paragraph 1, as the allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Amended Complaint and the Agreement for Issuance and Sale of Stock ("Shareholders' Agreement") for the true and complete content thereof.

### The Parties

2. Deny the first sentence of Paragraph 2 of the Amended Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 2 of the Amended Complaint, and state further that

Rand has failed and refused to provide meaningful discovery regarding its principal place of business. Decline to respond to the allegations contained in the fourth sentence of Paragraph 2 of the Amended Complaint, as they set forth legal conclusions to which no responses is required. To the extent a response is required, deny the allegations contained in the fourth sentence of Paragraph 2.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.  Admit the allegations contained in Paragraph 4 of the Amended Complaint.

5.  Admit the allegations contained in Paragraph 5 of the Amended Complaint.

6.  Admit the allegations contained in Paragraph 6 of the Amended Complaint.

7.  Deny the allegations contained in Paragraph 7 of the Amended Complaint.

### Jurisdiction and Venue

8.  Decline to respond to the allegations contained in Paragraph 8 of the Amended Complaint, as they set forth legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in Paragraph 8.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 9 of the Amended Complaint. Decline to respond to the allegations contained in the third and fourth sentences of Paragraph 9 of the Amended Complaint, as they set forth legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in the third and fourth sentences of Paragraph 9.

### Factual Allegations

10. Admit the allegations contained in Paragraph 10 of the Amended Complaint.

11. Respectfully refer the Court to the Shareholders' Agreement for the true and complete content thereof.

12. Respectfully refer the Court to Section 18 of the Shareholders' Agreement for the true and complete content thereof.

13. Respectfully refer the Court to Section 20(a)(ii) of the Shareholders' Agreement for the true and complete content thereof.

14. Deny the allegations contained in Paragraph 14 of the Amended Complaint, and respectfully refer the Court to Section 18 and Section 20(a)(ii) of the Shareholders' Agreement for the true and complete content thereof.

15. Admit the allegations in Paragraph 15 of the Amended Complaint, except deny the allegations contained in the last sentence of Paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19. Deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and state further that any attempt by Slaine and Danziger to delegate to Defendants the responsibility of deciding whether

Rand should invest in IHI would have been an improper dereliction of their fiduciary duties as directors.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23. Deny the allegations contained in Paragraph 23 of the Amended Complaint.

24. Deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. Deny the allegations contained in Paragraph 25 of the Amended Complaint, and respectfully refer the Court to the letter referenced therein for the true and complete content thereof.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 27 of the Amended Complaint, and decline to respond to the allegations contained in the third sentence of Paragraph 27, as they set forth legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in the third sentence of Paragraph 27.

28. Admit that a complaint was filed in the State Court Action.

29. Deny the allegations contained in Paragraph 29 of the Amended Complaint, and respectfully refer the Court to the Complaint filed in the State Court Action for the true and complete content thereof.

30. Deny the allegations contained in Paragraph 30 of the Amended Complaint, and respectfully refer the Court to the Complaint filed in the State Court Action for the true and complete content thereof.

31. Deny the allegations contained in Paragraph 31 of the Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Deny the allegations contained in Paragraph 33 of the Amended Complaint, except admit that at some point Defendants Slaine and Danziger sought Summary Judgment in the State Court Action.

34. Admit that Justice Cahn granted summary judgment to Defendants Slaine and Danziger, and respectfully refer the Court to the decision of Justice Cahn referenced therein for the true and complete content thereof.

35. Admit the allegations contained in Paragraph 35 of the Amended Complaint.

36. Deny the allegations contained in Paragraph 36 of the Amended Complaint.

37. Deny the allegations contained in Paragraph 37 of the Amended Complaint.

38. Admit the allegations contained in Paragraph 38 of the Amended Complaint, except deny the allegations contained in the last sentence of Paragraph 38.

## CLAIM FOR RELIEF: CONTRACTUAL INDEMNIFICATION

39. Repeat and reallege each of the responses to Paragraphs 1 through 38 of the Amended Complaint as if fully set forth herein.

40. Deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.   Deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.   Deny the allegations contained in Paragraph 42 of the Amended Complaint.

43.   Deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.   Decline to respond to the allegations contained in Paragraph 44 of the Amended Complaint, as they set forth legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in Paragraph 44, and respectfully refer the Court to the Shareholders' Agreement for the true and complete content thereof.

45.   Decline to respond to the allegations contained in Paragraph 45 of the Amended Complaint, as they set forth legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in Paragraph 45, and respectfully refer the Court to the Shareholders' Agreement for the true and complete content thereof.

46.   Deny the allegations contained in Paragraph 46 of the Amended Complaint.

47.   Deny the allegations contained in Paragraph 47 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

48.   The Court lacks Subject Matter Jurisdiction over this action.

### SECOND AFFIRMATIVE DEFENSE

49.   Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

50.   Plaintiff's claims are defeated by the terms of the Shareholders' Agreement.

### FOURTH AFFIRMATIVE DEFENSE

51.   Plaintiff's claims are defeated by Plaintiff's failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

52. Plaintiff is estopped from pursuing a claim for contractual indemnification, based on the excessive and unnecessary legal fees accrued by Plaintiff in the State Court Action and in this proceeding.

## SIXTH AFFIRMATIVE DEFENSE

53. Plaintiff lacks the capacity to bring this action.

## SEVENTH AFFIRMATIVE DEFENSE

54. This action was commenced in the improper venue and forum.

## EIGHTH AFFIRMATIVE DEFENSE

55. Plaintiff's claim is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

56. To the extent that Defendants suffer any Indemnifiable Losses (as defined in Section 20(a)(i) of the Shareholders' Agreement) relating to, resulting from, or arising out of the operation of the Corporation, including the prosecution of this action, they are indemnified, jointly and severally, by Rand, Slaine, and Danziger.

WHEREFORE, Defendants Antoine Bernheim, Stacy Bernheim, Richard Elkin, and Genstar, Ltd. demand judgment dismissing the Amended Complaint in its entirety and for such other relief as to this Court seems just and proper.

Dated: New York, New York
January 28, 2008

                        SHAPIRO FORMAN ALLEN
                        & SAVA LLP

                        By:    /s/ Michael I. Allen
                                Michael I. Allen (MA 6692)
                                Joseph B. Crace, Jr. (JC 6557)

                        380 Madison Avenue
                        New York, New York 10017
                        Tel: (212) 972-4900
                        Fax: (212) 557-1275
                        *Attorneys for Defendants Antoine*
                        *Bernheim, Stacy Bernheim, Richard Elkin*
                        *and Genstar, Ltd.*

TO:     COLLAZO CARLING & MISH LLP
           747 Third Avenue
           New York, New York 10017-2803
           (212) 758-7600
           Attorneys for Plaintiff

           MOSES & SINGER LLP
           405 Lexington Avenue
           New York, NY  10174
           Telephone: (212) 554-7800
           Facsimile:   (212) 554-7700
           Attorneys for Defendant Venturetek, L.P.