UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAND PUBLISHING COMPANY INC.,

               Plaintiff,

-against-

VENTURETEK, L.P., RICHARD ELKIN,
ANTOINE BERNHEIM, STACY BERNHEIM
and GENSTAR, LTD.,

               Defendants.

**ANSWER OF DEFENDANT VENTURETEK, L.P. TO THE AMENDED COMPLAINT**

07 CIV 9596 (VM)(RLE)

      Venturetek, L.P. ("Defendant") by it attorneys Moses & Singer, LLP, as and for its Answer to the Amended Complaint of Plaintiff Rand Publishing Company Inc. (the "Amended Complaint"), asserts as follows:

      1.    Defendant declines to respond to the allegations contained in paragraph 1 of the Amended Complaint, as they set forth legal conclusions to which no response is required.

      2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, except denies that Rand is a Delaware corporation and denies that Rand is a citizen of the State of Connecticut.

      3.    With respect to paragraph 3 of the Amended Complaint, defendant admits that it is a Delaware limited partnership, the general partner of which is a Delaware Limited Liability Company whose managing member is a citizen of New York.

      4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4, 5, 6 and 7 of the Amended Complaint.

      5.    Defendant denies the allegations contained in paragraph 8 of the Amended Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint, except denies the allegations contained in the third and fourth sentences of said paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint except admits the allegations contained in the second and third sentences of said paragraph.

8. Defendant denies the allegations of paragraphs 11, 12 and 13 of the Amended Complaint and refers the Court to the Shareholders' Agreement referenced therein for its true content and meaning.

9. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

10. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint except admits the allegations contained in the first two sentences of said paragraph.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16, 17 and 18 of the Amended Complaint.

12. Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first 3 sentences of paragraph 20 of the Amended Complaint, and denies the allegations contained in the last sentence of said paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraphs 22, 23 and 24 of the Amended Complaint

16. Defendant denies the allegations contained in paragraph 25 of the Amended Complaint and refers the Court to the letter referenced therein for its true content and meaning.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 26 and 27 of the Amended Complaint.

18. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint, except admits that the State Court Action was commenced in Supreme Court, New York County.

19. Defendant denies the allegations contained in paragraphs 29 and 30 of the Amended Complaint, and refers the Court to the Complaint in the State Court Action for its true content and meaning.

20. Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

21. Defendant admits that it wrote off its investment in Rand Publishing Company Inc. on its 1996 tax returns, in the amount of $2,950,000, and denies all the remaining allegations of paragraph 32.

22. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint, except admits that at some point Defendants Slaine and Danziger sought summary judgment in the State Court Action.

23. With respect to the allegations contained in paragraphs 34 and 35 of the Amended Complaint, Defendant admits that an orders and decisions were issued in the State Court Action and refers the Court to said orders and decisions for their true content and meaning.

24. Defendant denies the allegations contained in paragraphs 36 and 37 of the Amended Complaint.

25. Defendant admits the allegations contained in the first three sentences of paragraph 38 of the Amended Complaint, and refers the Court to the letters referenced therein for their true content and meaning, and denies the allegations contained in the final sentence of paragraph 38.

## CLAIM FOR RELIEF:
## CONTRACTUAL INDEMNIFICATION

26. Defendant repeats and realleges its responses to paragraphs 1 through 38 of the Amended Complaint as if fully set forth herein.

27. Defendant denies the allegations contained in paragraphs 40, 41, 42 and 43 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 44 of the Amended Complaint and refers the Court to Shareholders' Agreement for its true content and meaning.

29. Defendant declines to respond to the allegations contained in paragraph 45 of the Amended Complaint, as they set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 45, and respectfully refer the Court to the Shareholders' Agreement for its true content and meaning.

30. Defendant denies the allegations contained in paragraphs 46 and 47 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. The Court lacks subject matter jurisdiction over this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. Plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. The action is barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are defeated by the terms of the Shareholders' Agreement.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff has failed to mitigate any alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36. The legal fees and expenses Plaintiff seeks to recover in this action were not reasonable or necessary.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff lacks the capacity to bring this action.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

38. The action was commenced in an improper venue and forum.

WHEREFORE, Defendant Venturetek, L.P. demands judgment dismissing the Amended Complaint in its entirety and for such other relief as to this Court seems just and proper.

Dated: New York, New York
January 28, 2008

MOSES & SINGER LLP

By: ____/s/ Ruth C. Haber_____
Ruth C. Haber (RH-0406)
Jay R. Fialkoff (JF-4992)
Attorneys for Defendant Venturetek, L.P.
405 Lexington Avenue
New York, NY  10174
Telephone: (212) 554-7800
Facsimile:   (212) 554-7700

TO: COLLAZO CARLING & MISH LLP
747 Third Avenue
New York, New York 10017-2803
(212) 758-7600
Attorneys for Plaintiff

PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 0036
Attorneys for Plaintiff

SHAPIRO FORMAN ALLEN SAVA & McPHERSON LLP
380 Madison Avenue
New York, New York 10017
(212) 972-4900
Attorneys for Defendants Richard Elkin, Antoine Bernheim,
Stacy Bernheim and Genstar, Ltd.